UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| SHERMAN-STOLTZ LAW GROUP, PLLC ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| NEXUS SERVICES, INC. ) | |
| ) | |
| SERVE: Incorp Services, Inc. ) | Civil Action No. 5:21-cv-00004 |
| Registered Agent ) | |
| 2000 Riveredge Pkwy. NW ) | |
| Suite 885 ) | |
| Atlanta, GA  30328 ) | |
| ) | |
| Defendant. ) | |

## VERIFIED COMPLAINT

Plaintiff Sherman-Stoltz Law Group, PLLC ("SSLG"), by counsel, brings this Complaint against Defendant Nexus Services, Inc. ("Nexus"), and requests that the Court enter judgment against Defendant and in favor of Plaintiff on the grounds as hereinafter set forth.

## NATURE OF THE CAUSE

1. Nexus breached its contracts with Plaintiff to provide the immigrant community and others with legal services by failing to pay Plaintiff for those services in the amount of $791,010.42.

## PARTIES

2. Plaintiff SSLG is a professional limited liability company organized under the laws of the Commonwealth of Virginia with its principal office at 3061 Rock Cress Lane, Sandy Hook, Virginia 23153. Plaintiff also has an office in this district and division at 2016 Goose

Creek Road, Suite 106B, Waynesboro, VA 22980. Plaintiff is a law firm engaged in the business of providing legal services.

3. Nexus is a domestic profit corporation organized under the laws of Georgia, with its principals place of business at 1175 Peachtree Street, NE, 10th Floor, Suite 1000, Atlanta, Georgia 30361. Nexus is engaged in the business of providing immigrant bond securitization services, as well as legal services to the immigrant and other communities, including in this judicial district and division.

## JURISDICTION AND VENUE

4. The Court has subject matter jurisdiction over the breach of contract claims at issue pursuant to 28 U.S.C. § 1332(a)(1) because this action involves a dispute between citizens of different states, and involves an amount in controversy which exceeds $75,000, exclusive of interest and costs.

5. Prior to March 2019, Nexus was a domestic stock corporation in Virginia with its principal place of business located at 113 Mill Place Parkway, Suite 103, Verona, Virginia 24482 in this district and division. In March 2019, Nexus surrendered its existing charter and reincorporated in Georgia with its principal place of business in Atlanta, Georgia.

6. This Court has personal jurisdiction over Defendant as the Defendant has transacted business in the Commonwealth, and continues to do so, and is alleged to have breached a contract and/or caused injury by an act or omission in this Commonwealth, district and division. Nexus has established minimum contacts with this forum such that the exercise of jurisdiction over Nexus would not offend traditional notions of fair play and substantial justice. In light of Nexus' Virginia contacts, Virginia's long-arm statute authorizes the exercise of

personal jurisdiction over Nexus, and the exercise of personal jurisdiction comports with due process standards.  See Va. Code § 8.01-328.1(A)(1) and (2).

7. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because the events giving rise to the breach of contract claims occurred in this judicial district and division.

## COUNT I
### (Breach of Contract – Caridades Retainer Agreement)

8. SSLG realleges and incorporates by reference the allegations set forth in paragraphs 1 through 7, inclusive, as if fully set forth herein.

9. Nexus funded Nexus Caridades Attorneys, Inc. in order to provide free legal services to immigrants in removal proceedings in the United States.  According to Nexus, the mission of the Nexus Caridades program "is to provide support to immigrants and criminal defendants who are or have been detained, with the goal of providing stability and long-term success."  Nexus believed that the availability of quality legal services was critical to accomplishing this goal.

10. By 2019, Nexus became unhappy with the management of the Nexus Caridades program and withdrew its funding to Nexus Caridades Attorneys, Inc.  Nexus Caridades Attorneys, Inc. thereafter closed its business.

11. On or about March 12, 2019, Nexus submitted a signed, written proposal to SSLG for it to provide legal services for 12 months similar to those Nexus previously funded at no cost to immigrants involved in removal proceedings across the U.S.

12. Under Nexus' proposal, it agreed to pay SSLG the sum of $2,080,000 to provide civil immigration services.  Nexus proposed that it would pay SSLG $40,000 in weekly installments which would be fully earned upon payment.  For its part, SSLG would provide free legal consultations to referred clients, and upon evaluation was expected to choose some clients

for long-term case representation, and to provide that representation free-of-charge to the client. While not required, the parties expected that SSLG would manage at least 1,500 cases at this funding level.

13. On March 13, 2019, SSLG accepted the proposal, signed it and formed a binding, enforceable contract between the parties. The parties' agreement is set out in a document of the same date titled "Nexus Caridades Attorneys Funded Immigration Representation Program Retainer Agreement" (hereafter, "Caridades Retainer Agreement"), a copy of which is attached hereto and incorporated herein as **Exhibit A.**

14. SSLG hired staff attorneys and paralegals, regularly accepted client referrals from Nexus, and provided those clients legal services as required by the agreement. SSLG carried a case load within the expectation of the parties, and met all of its obligations under the Caridades Retainer Agreement.

15. Nexus failed to remit to SSLG the payments called for under the agreement. However, Nexus repeatedly promised SSLG that payment would be forthcoming.

16. SSLG fully performed under the agreement through the end of its term.

17. Nexus has not claimed that SSLG did not provide the services it agreed to under the Caridades Retainer Agreement, that the quality of SSLG's services were deficient in any way or the monies to be remitted under the agreement are not owed.

18. Nexus has never attempted to terminate the parties' agreement.

19. To date, Nexus owes SSLG $769,000 under the Caridades Retainer Agreement.

20. As a proximate cause of Nexus' breach of contract, SSLG has suffered compensatory damages in the amount of $769,000, exclusive of interest and costs.

## COUNT II
### (Breach of Contract – Agreement for [Criminal] Legal Services)

21. SSLG realleges and incorporates by reference the allegations set forth in paragraphs 1 through 20, inclusive, as if fully set forth herein.

22. Nexus and SSLG decided to memorialize in a separate contract their agreement that SSLG would provide free criminal defense legal services to certain clients referred by Nexus.

23. The parties entered into an Agreement for [Criminal] Legal Services on or about June 11, 2019, for a duration from June 1, 2019 through May 30, 2020, a copy of which is attached hereto and incorporated herein as **Exhibit B.**

24. Under the Agreement for [Criminal] Legal Services, SSLG agreed to provide criminal defense legal services to certain potential clients referred by Nexus in the western, central and northern regions of Virginia. Nexus agreed to pay SSLG $80,000.00, to be paid in the amount of $1,538.46 each week for 52 weeks. Nexus also agreed to pay SSLG for work already performed from April 1, 2018 through December 31, 2018 in the amount of $60,000.

25. SSLG regularly accepted client referrals from Nexus, and provided those clients criminal defense legal services as required by the agreement. SSLG carried a case load within the expectation of the parties, fully performed and met all of its obligations under the Agreement for [Criminal] Legal Services through the end of its term.

26. Nexus failed to remit to SSLG the payments called for under the agreement. However, Nexus repeatedly promised SSLG that payment would be forthcoming.

27. Nexus has not claimed that SSLG did not provide the services it agreed to under the Agreement for [Criminal] Legal Services, that the quality of SSLG's services were deficient in any way or the monies to be remitted under the agreement are not owed.

28. Nexus has never attempted to terminate the parties' agreement.

29. To date, Nexus owes SSLG $22,010.42 under the Agreement for [Criminal] Legal Services.

30. Paragraph 19 of the parties' agreement indicates that "the cost of legal enforcement up to and including reasonable attorney's fees shall be borne by the breaching party."

31. As a proximate cause of Nexus' breach of contract, SSLG has suffered compensatory damages in the amount of $22,010.42, exclusive of reasonable attorney's fees, interest and costs.

## **PRAYER FOR RELIEF**

Plaintiff SSLG prays that this Court entered judgment in its favor and against Nexus Services, Inc. in the following amounts:

A. As to Count I, in the amount of $769,000, plus pre and post judgment interest and costs as allowed by law;

B. As to Count II, in the amount of $22,010.42, plus reasonable attorney's fees and expenses incurred in connection with legal enforcement, and pre and post judgment interest and costs as allowed by law;

C. Such other and further relief as the Court may deem just and proper.

TRIAL BY JURY IS HEREBY DEMANDED.

                                        SHERMAN-STOLTZ LAW GROUP, PLLC

                                        By   */s/ Francis H. Casola*

Francis H. Casola, Esq. (VSB No. 29108)
WOODS ROGERS PLC
Wells Fargo Tower, Suite 1800

P. O. Box 14125
Roanoke, VA 24038-4125
Telephone: (540) 983-7600
Facsimile: (540) 983-7711
E-mail: casola@woodsrogers.com
    *Counsel for Plaintiff Sherman-Stoltz Law Group, PLLC*

## VERIFICATION

I declare under penalty of perjury that the factual statements in this Verified Complaint are true and correct to the best of my knowledge, information and belief.

Respectfully submitted and executed this 11th of January, 2021.

*[signature]*

Jessica Sherman-Stoltz, Esq., President
Sherman-Stoltz Law Group, PLLC