IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Harrisonburg Division

| | |
|---|---|
| SHERMAN-STOLTZ LAW GROUP, PLLC ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 5:21-cv-00004 |
| ) | |
| NEXUS SERVICES, INC., ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

Defendant NEXUS SERVICES, INC. ("Nexus"), by and through its undersigned Counsel, hereby submits the following Memorandum in Support of Motion to Dismiss the Complaint filed by Plaintiff Sherman-Stoltz Law Group, PLLC. Defendant moves this Court to dismiss this civil action with prejudice under Rule 12(b)(1), Fed. R. Civ. P. on the ground that the Plaintiff failed to plead sufficient facts to demonstrate that the Parties to this action are completely diverse of citizenship as required. This Court therefore lacks subject-matter jurisdiction to adjudicate this common law breach of contract action, and the Plaintiff's cause must be dismissed. See 28 U.S.C. §1332(a)(1) (1948, as amended).

I.   STATEMENT OF UNDISPUTED FACTS

"[W]hen ruling on a defendant's motion to dismiss, a [trial] judge must accept as true all of the factual allegations contained in the complaint." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citations omitted). So viewed, and as pertinent to this motion, the essential allegations of the complaint are as follows:

1. Plaintiff Sherman Stoltz Law Group ("SSLG") is a Professional Limited Liability Company ("PLLC") organized in, and authorized to conduct business in Virginia, with offices located in the Commonwealth of Virginia. See Complaint, at ¶2.

2. Defendant Nexus Services, Inc. is a corporation organized under the laws of Georgia, with an office and/or place of business in Atlanta, Georgia. See Complaint, at ¶3.

3. Defendant Nexus Services, Inc. maintains business offices, and employs officers, employees, and is authorized to conduct, and in fact conducts regular business activities in the Commonwealth of Virginia, with offices at 113 Mill Place Parkway, Suite 103, Verona, Virginia 24482. See Complaint, at Ex. A; also Complaint, at Ex. B.

4. Plaintiff alleges that its cause(s) of action against this Defendant are based upon two alleged contracts with the Plaintiff. Complaint, at ¶¶13, 23; also Exhibits A-B.

5. The contracts asserted by Plaintiff disclose that they were entered into within the Commonwealth of Virginia, by Plaintiff and Defendant who each: i) maintain offices; ii) employ officers and employees, and iii) conduct ordinary business activities within the Commonwealth of Virginia. See Complaint, at Ex. A; also Complaint, at Ex. B.

II. AUTHORITIES AND LEGAL ARGUMENT

A. Legal Standard.

1. Rule 12(b)(1): Subject Matter Jurisdiction

Federal district courts are courts of limited jurisdiction. "Thus, when a district court lacks subject matter jurisdiction over an action, the action must be dismissed." United States v. Jadhay, 555 F.3d 337, 347 (4th Cir. 2009). A challenge to a court's subject matter jurisdiction can be raised at any time and is properly considered on a motion under Rule 12(b)(1) of the Federal Rules of Civil Procedure. The burden of proving subject matter jurisdiction in response to a

Rule 12(b)(1) motion rests with the plaintiff, the party asserting jurisdiction. See Williams v. United States, 50 F.3d 299, 304 (4th Cir. 1995).

2. <u>Diversity Jurisdiction Pursuant to 28 U.S.C. §1332</u>

Plaintiff asserts this civil action is within the subject-matter jurisdiction of this Court by reason of the amount in controversy (exceeds $75,000.00), as well as the diversity of citizenship of the Parties, per 28 U.S.C. §1332(a):

> The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—
>
> (1) citizens of different States . . .

See 28 U.S.C. §1332(a)(1); also Complaint, at ¶4. The statute further describes, as to corporate parties, when corporations are considered "citizens of different States":

> (1) a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . .

28 U.S.C. §1332(c)(1).

Most recently, in examining the several varying approaches applied by the Circuit Courts of Appeals to the question of a corporation's place of "citizenship" for purposes of exercising diversity jurisdiction, the U.S. Supreme Court determined that the most accurate and fair test of the "principal place of business" of a corporation is where the corporation's "nerve center" is located:

> We conclude that "principal place of business" is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities. It is the place that Courts of Appeals have called the corporation's "nerve center." And in practice it should normally be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination, *i.e.*, the "nerve center," and not simply an office where the corporation holds its board meetings (for example, attended by directors and officers who have traveled there for the occasion).

3

See Hertz Corp. v. Friend, 559 U.S. 77, (2010).  In so holding, the Supreme Court harkened to the underlying basis for diversity jurisdiction:

> the general purpose of diversity jurisdiction, *i.e.*, [is] an effort to find the State where a corporation is least likely to suffer out-of-state prejudice when it is sued in a local court, *Pease* v. *Peck,* 18 How. 595, 599 (1856).   But . . . the relevant purposive concern—prejudice against an out-of-state party—will often depend upon factors that courts cannot easily measure, for example, a corporation's image, its history, and its advertising, while the factors that courts can more easily measure, for example, its office or plant location, its sales, its employment, or the nature of the goods or services it supplies, will sometimes bear no more than a distant relation to the likelihood of prejudice.

Id., at __; accord Hoschar v. Appalachian Power Co., 739 F.3d 163 (4th Cir. 2014)(" the Supreme Court in *Hertz* definitively held that, for purposes of diversity jurisdiction, a corporation's principal place of business is its "nerve center." *Hertz,* 559 U.S. at 80–81, 130 S.Ct. 1181.").

B.      Argument: Plaintiff Failed to Plead Sufficient Facts to Invoke This Court's Subject Matter Jurisdiction.

In its Complaint, and for purposes of invoking this Court's diversity jurisdiction, and "the long arm statute" to bring its claims against Defendant in this Court, Plaintiff claims that the Defendant is a citizen of the state of Georgia, on the basis of Defendant's place of incorporation (Georgia), and on the assertion that Defendant's "principal place of business" lies also in Georgia.  See Complaint at ¶5.

The Plaintiff's Complaint allegation in this regard is a bare assertion which fails to allege any facts in support of its conclusion that Defendant's "principal place of business" lies in Georgia.  For example, the Complaint does not identify the "nerve center" of Nexus Services Inc., consistent with the Supreme Court's current test for diversity of citizenship.  See Hertz Corp. v. Friend, 559 U.S. at 80–81; nor does it contain any discussion of the several relevant

4

factors that might tend to demonstrate that Nexus Services Inc.'s "nerve center" is in Georgia, rather than the forum state of Virginia, or vice-versa.  <u>See</u> Complaint, generally.

Ultimately, Defendant contends that this Court must measure Plaintiff's bare assertion that Defendant is a citizen of Georgia, and that Georgia is Defendant's "principal place of business", against such facts as are readily apparent from the Complaint and its Exhibits: 1) Defendant maintains offices, officers, and operations in Virginia; 2) the contracts at issue both list Defendant's business location as Verona, Virginia; 3) both contracts contain a "footer" listing Nexus Services, Inc.'s business address for purposes of the contract as 113 Mill Place Parkway, Suite 103, Verona, Virginia 24482; 4) the alleged Agreement for [Criminal] Legal Services provides expressly that SSLG agreed to, "provide criminal defense legal services to certain potential clients referred by Nexus <u>in the western, central and northern regions of Virginia</u>", <u>see</u> Complaint, at ¶24; along with other relevant facts that would be determinative of Defendant's corporate citizenship for purposes of proving this Court's subject-matter jurisdiction in this case under the Supreme Court's "nerve center" test as articulated in its <u>Hertz</u> opinion.

Because the Complaint is silent as to facts that would be relevant in this Court's analysis and determination whether it may exercise diversity jurisdiction over this cause per 28 U.S.C. §1332(a)(1), this Court must dismiss the Complaint pursuant to Rule 12(b)(1), Fed. R. Civ. P.

<u>CONCLUSION</u>

This Court must dismiss the Complaint pursuant to Rule 12(b)(1), on the ground that Plaintiff has not, and cannot on the facts alleged prove that this Court by law may exercise diversity jurisdiction over this matter.

Respectfully submitted,

NEXUS SERVICES, INC.

By and through its Counsel,

/s/ Christopher M. Okay

_____  **May 7, 2021**
Christopher M. Okay, Esq.  VSB#35611

Chris Okay, Attorney at Law
117 S. Lewis Street, Suite 218
Staunton, Virginia 24401
(540) 466-3130
chrisokay@icloud.com