IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Harrisonburg Division

| | |
|---|---|
| SHERMAN-STOLTZ LAW GROUP, PLLC | ) |
| Plaintiff, | ) |
| v. | ) Case No. 5:21-cv-00004 |
| NEXUS SERVICES, INC., | ) |
| Defendant. | ) |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO EXTEND TIME**

Comes now Defendant NEXUS SERVICES, INC. ("Nexus"), by and through its undersigned Counsel, and asserts the following in good faith, and on good cause in support of its Motion to Extend Time in which Defendant may file its Motion to Dismiss the Verified Complaint of Plaintiff SHERMAN-STOLZ LAW GROUP, PLLC ("SSLG"). As stated in Defendant's Motion, Defendant moves for an extension of the time in which to file its Motion to Dismiss on the ground of excusable neglect and inadvertence pursuant to Rule 6(b)(1)(B), Fed. R. Civ. P.

        I.        Material Facts in Support of Motion

1. Plaintiff filed its Verified Complaint in this Court on January 19, 2021. See Complaint, generally.

2. Plaintiff served Defendant with a Summons and its Complaint on February 1, 2021, when it delivered a copy of same to Defendant's registered agent in Atlanta, Georgia. See Document #5, Proof of Service.

3. By such Service of Process upon Defendant, Defendant's responsive pleading was due to be filed in this Court within 21 days of receipt of same, no later than February 22, 2021. Rule 12(a)(1)(A)(i), Fed. R. Civ. P.

4.      Defendant's Counsel, with Counsel for Plaintiff engaged in discussions purposed at resolving the claims and allegations contained in the Complaint, from the date of Defendant's receipt of service of process, until May 6, 2021 when the Parties reached impasse in such discussions and negotiations.

5.      Such discussions and negotiations led Defendant to understand that a responsive pleading would not be expected of Defendant unless and until negotiations between the Parties reached impasse, or resolution of the Plaintiff's claims.

6.      Upon service of the Complaint upon Defendant, Defendant's ordinary litigation Counsel determined that it was unable to appear for Defendant in this action, and accordingly, Defendant engaged in a search for alternate representation, and subsequently engaged qualified Counsel on May 7, 2021.

7.      Upon engaging Counsel on May 7, 2021, Defendant promptly filed its Motion to Dismiss in this Court.  See Document #6.

Now, and on the bases discussed herein, Defendant asks this Court to extend the time for its filing to be considered by the Court, though Defendant's Motion to Dismiss was filed more than 21 days after receipt of service of process, for good cause, and due to excusable neglect by Defendant.

II.     AUTHORITIES AND ARGUMENT

A. Legal Standards.

Rule 6(b), Fed. R. Civ. P. authorizes this Court to extend time to permit an untimely responsive pleading, on motion for good cause shown, and on the basis of "excusable neglect":

> (b)     Extending Time.
>
> (1) In General.  When an act may or must be done within a specified time, the court may, for good cause, extend the time:

    (A) . . .

    (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

See Rule 6(b)(1)(B), Fed. R. Civ. P.

  Courts have held that Rule 6(b)(1)(B) should be construed broadly. Rachel v. Troutt, 820 F.3d 390, 394 (10th Cir. 2016). "Excusable neglect" under Rule 6(b) is an equitable doctrine, and while relief is discretionary with the district court, it is an "elastic concept" that courts of appeal have generally held extends to inadvertent delay. Id., at 392. Negligence of counsel, including inadvertent delay resulting in an untimely filing of a court document, generally constitutes "excusable neglect" under Rule 6(b). See e.g., Pioneer Investment Services Co. v. Brunswick Associates, Ltd, Partnership, 507 U.S. 380, 395 (1992) ("excusable neglect" permits late filing of creditor's claim under Bankruptcy Rule 9006(b)(1)). In Pioneer, the U.S. Supreme Court enumerated four factors to use as guidance as to what constitutes "excusable neglect" under Rule 6(b):

    (1)  Whether the delay in filing was within the reasonable control of the movant;

    (2)  The length of the delay and the delay's potential impact on judicial proceedings;

    (3)  The danger of prejudice to the non-moving party; and

    (4)  Whether the movant acted in good faith.

See Pioneer Investment Services Co. v. Brunswick Associates, Ltd. Partnership, 507 U.S. 380, 395 (1992).

B. Arguments in Support of Motion to Extend Time.

In this case, the <u>Pioneer</u> equitable factors weigh in favor of extending the time for Defendant's responsive pleading – a Motion to Dismiss for lack of subject matter jurisdiction for the action pled by Plaintiff.

On the facts stated above Defendant asserts that: 1) the delay in filing was within the reasonable control of Defendant; 2) the length of the delay in filing a responsive pleading was 74 days, yet the delay's potential impact on judicial proceedings is <u>low</u>, because lack of subject-matter jurisdiction to hear a Party's claims can be raised at any time, <u>see</u> Rule 12(h)(3), Fed. R. Civ. P.; 3) the danger of prejudice to the Plaintiff in this case is also low, because during the period of delay in Defendant filing a response, a) Plaintiff did not seek default judgment, b) Plaintiff continued negotiating in good faith with Defendant, c) in the course of its good faith negotiations with Defendant, Plaintiff gave no notice to Defendant that it would be seeking default judgment for an untimely response, d) per the Rules, lack of subject matter jurisdiction can be raised at any time, Rule 12(h)(3), Fed. R. Civ. P; and 4) Defendant acted in good faith in negotiating settlement with Plaintiff to attempt to resolve its claims, and in promptly filing its responsive Motion to Dismiss upon reaching an impasse in such negotiations, and in retaining Counsel to file such response to the Complaint.

In this case, on or after receiving Service of the Verified Complaint on February 1, 2021, the Defendant and Plaintiff were engaged in good faith settlement discussions intended to resolve the dispute between the Parties.  The Parties did not anticipate, and/or the Defendant understood that it would be permitted by Plaintiff to file an untimely response to the Complaint if negotiations did not result in a resolution.  When such efforts by the Parties to resolve this matter only recently reached impasse on May 6, 2021, the undersigned Counsel for Defendant promptly determined

that Defendant had erred in not filing a responsive pleading by the deadline of February 22, 2021. Likewise, Defendant (being not represented in this litigation at the time) did not understand or appreciate that it should file an earlier Motion to Extend Time per Rule 6 if it expected its responsive pleading to be filed out of time, and that settlement negotiations did not affect or relieve such responsibility under the Rules.  Nevertheless, objections to this Court's exercise of diversity jurisdiction under 28 U.S.C. §1332 may be made at any time, per Rule 12(h) -- even on appeal, and accordingly there is no prejudice to Plaintiff should the Court extend time and accept Defendant's Motion to Dismiss.  See Rule 12(h)(3), Fed. R. Civ. P.

## C.  CONCLUSION

For these reasons, Defendant asserts that it has shown good cause for its late filing, and excusable neglect by Defendant for the Court to extend the time to permit consideration of Defendant's responsive Motion.

Respectfully submitted,

NEXUS SERVICES, INC.

By and through its Counsel,

/s/ Christopher M. Okay

_____   **May 21, 2021**
Christopher M. Okay, Esq.  VSB#35611

Chris Okay, Attorney at Law
117 S. Lewis Street, Suite 218
Staunton, Virginia 24401
(540) 466-3130
chrisokay@icloud.com

## CERTIFICATE OF SERVICE

I hereby Certify, under penalty of perjury under the laws of the United States of America that on this **21st** day of May, 2021, I served, electronically through the CM/ECF electronic filing system of the United States District Court for the Western District of Virginia, and by regular mail as appropriate, a copy of Defendant's Motion to Extend Time, and Memorandum in Support, to the following Counsel for Plaintiff:

Francis H. Casola, Esq. (VSB No. 29108)
WOODS ROGERS PLC
Wells Fargo Tower, Suite 1800
P. O. Box 14125
Roanoke, VA 24038-4125
E-mail: casola@woodsrogers.com


/s/ Christopher M. Okay
_____
Christopher M. Okay  VSB#35611