IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Harrisonburg Division

| | |
|---|---|
| SHERMAN STOLTZ LAW GROUP, PLLC, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>NEXUS SERVICES, INC., )<br>)<br>Defendant. ) | Case No. 5:21-cv-00004 |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO MOTION TO DISMISS**

Plaintiff Sherman-Stoltz Law Group, PLLC ("Plaintiff" or "SLLG"), by counsel, files this opposition to Defendant's Motion to Dismiss.[1] Defendant's motion is wholly without merit. Defendant challenges the sufficienty of the Complaint's jurisdictional allegations. However, the pleading deficiencies alluded to – that Complaint suggests Defendant's principal place of business is in Virginia – is directly contradicted by the Complaint's allegations which Defendant fails to bring to the Court's attention. The lack of seriousness of Defendant's motion is demonstrated by Defendant's filing with the Georgia Secretary of State and recent pleadings filed by Defendant where Defendant concedes its principal place of business is in Atlanta. The Court should deny the motion.

**BACKGROUND**

Plaintiff SSLG is a Virginia professional limited liability company engaged in providing legal services. Compl. ¶ 2 (ECF No. 1). Defendant Nexus Services, Inc. ("Nexus") was originally organized under the laws of Virginia with a principal place of business in Verona,

---

[1] By filing this Opposition, Plaintiff does not waive, and expressly reserves its argument that this Motion was not timely filed and should be dismissed on those grounds.

Virginia.  Compl. ¶ 5.  In March 2019, Nexus was re-chartered as a Georgia corporation with its principal place of business in Atlanta, Georgia.  Compl. ¶ 5.

Nexus funded free legal services, both civil and criminal, to immigrants in removal proceedings in the United States. Compl. ¶ 9.  On or about March 12, 2019, it entered into a 12-month contract with SSLG to provide the legal services at no cost to immigrants.  Comp. ¶ 11-13. Ex. A.  The contract value was $2,080,000 to be paid $40,000 weekly.  Compl. ¶ 12.  SSLG fully performed but Nexus breached the contract by failing to pay, and now owes SSLG $769,000.  Compl. ¶ 19.

SSLG also has alleged that the parties entered a contract on or about June 11, 2019 with a one year duration to provide criminal defense legal services to potential clients referred by Nexus.  Compl. ¶¶ 22 – 24, Ex. B.  Again, SSLG fully performed, but Nexus breached the contract by failing to pay, and now owes SSLG $22,010.42.  Compl. ¶¶ 26 – 29.

SSLG filed its Complaint on January 19, 2021.  Thereafter, SSLG engaged in settlement discussions with Nexus at the request of Nexus owner Michael Donovan, on the condition that such discussions would be in good faith.  When SSLG believed it had reached agreement on terms, Nexus surprised it by filing its Motion to Dismiss on May 7, 2021. (ECF No. 6, 8).

Though not cited by Defendant in its recitation of the facts, the Complaint clearly alleges that Nexus has a "principal[] place of business at 1175 Peachtree Street, NE, 10th Floor, Suite 1000, Atlanta, Georgia  30361."  Compl. ¶ 3.

Moreover, while Nexus stresses that the contracts attached to the Complaint, one last dated March 13, 2019 and the other last dated June 11, 2019, relate to work in Virginia and provide a Nexus address of 113 Mill Place Parkway, Suite 103, Verona, Virginia 24482." (Def. Br. at 2), Nexus ignores the allegation in the Complaint that "[i]n March 2019, Nexus

surrendered its existing charter and reincorporated in Georgia with its principal place of business in Atlanta, Georgia." Compl. ¶ 5. By doing so its principal place of business was no longer located at the Mill Place Parkway address in Verona, Virginia. *Id.*

## ARGUMENT AND AUTHORITIES

### I.  Legal Standard

A Rule 12(b)(1) motion challenging subject matter jurisdiction may be either facial or fact-based. *Kerns v. U.S.,* 585 F.3d 187 (4th Cir. 2009). The *Kerns* Court explained:

> A facial challenge is "that a complaint simply fails to allege facts upon which subject matter jurisdiction can be based. When defendant makes a facial challenge to subject matter jurisdiction, 'the plaintiff, in effect, is afforded the same procedural protection as he would receive under a Rule 12(b)(6) consideration. In that situation, the facts alleged in the complaint are taken as true, and the motion must be denied if the complaint alleges facts to invoke subject matter jurisdiction.

*Id.* at 192 (cleaned up). A Rule 12(b)(6) motion tests the legal sufficiency of a complaint. In considering such a motion, the court should accept as true all well-pleaded allegations and view the complaint in the light most favorable to the plaintiff. *De Sole v. United States,* 947 F.2d 1169, 1171 (4th Cir. 1991). The pleadings must allege enough to make it clear that the relief is not merely conceivable but plausible. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 563 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).[2]

---

[2] Alternatively, a fact-based challenge asserts that "the jurisdictional allegations of the complaint [are] not true." *Kerns v. U.S.,* 585 F.3d 187, 192 (4th Cir. 2009). In this situation, the defendant offers extrinsic evidence which the plaintiff may counter and the court determines, based on the evidence, if there are facts to support the jurisdictional allegations. *Id.* In such a situation, "the presumption of truthfulness normally accorded a complaint's allegations does not apply, and the district court is entitled to decide disputed issues of fact with respect to subject matter jurisdiction." *Id.* While *Plaintiff* here has offered extrinsic evidence of Nexus' principal place of business, it does so not to create a "fact-based challenge" but to demonstrate Defendant's lack of good faith and seriousness in asserting the instant motion.

### II. The Complaint Sufficiently Alleges That Defendant's State of Incorporation and Principal Place of Business it Outside Virginia to Show Diversity Jurisdiction.

Here, Nexus makes a facial challenge to the Complaint's diversity jurisdictional allegations. The Court's subject matter jurisdiction is invoked here under 28 U.S.C. § 1332(a) which permits the Court to hear cases (1) where the parties are "citizens of different States" and (2) "the matter in controversy exceeds the sum or value of $75,000. *Gentry Locke Rakes & Moore v. Pride Construction, LLC*, 2020 WL 5947590 (W.D. Va. Oct. 6, 2020) (Jones, J.).

A corporation is a citizen of both the state in which it is incorporated and where it maintains is principal place of business -- which the U.S. Supreme Court has held is the corporation's "nerve center." *Hertz Corp. v. Friend,* 559 U.S. 77, 80-81 (2010). See also *Hoschar v. Applachian Power Co.,* 739 F.3d 163 (4th Cir. 2014). The "nerve center" is normally the corporation's "main headquarters" which is the "actual center of direction, control, and coordination" of the business. *Hertz*, 559 U.S. at 91.

Federal Rule of Civil Procedure 8(a) requires "a short and plain statement of the grounds of the court's jurisdiction." Where jurisdiction rests on diversity of citizenship, "citizenship must be affirmatively and unambiguously alleged in the complaint, and the pleader must identify specifically in which state in the United States each party has citizenship." 13E Charles Alan Wight, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3611 (3d ed. 2009) (citing *Anderson v. Watts*, 138 U.S. 694, 702 (1891). Nothing more is required.

Defendant only challenges the sufficiency of the allegations regarding Nexus' principal place of business. According to the Defendant, the Complaint does not sufficiently plead facts identifying Nexus' principal place of business. In restating the allegations of the Complaint in its memorandum, Nexus misleadingly claims SSLG only alleged that Nexus had "an office and/or place of business in Atlanta, Georgia." (Def. Br. at 2.) Defendant edits out the allegation that

Nexus has a "principal[] place of business at 1175 Peachtree Street, NE, 10th Floor, Suite 1000, Atlanta, Georgia  30361."  Compl. ¶ 3.

In addition, Nexus argues that the Complaint does not allege that Nexus' "nerve center" lies outside Virginia, and suggests, by incorporating contracts reflecting a Verona, Virginia address, Nexus' "nerve center" is actually Virginia.

First, there is no legal authority for the proposition that a plaintiff must plead using the term "nerve center" as opposed to principal place of business.  *Bomkamp v. Hilton Worldwide, Inc.*, 2014 WL 897368 (E.D. Missouri March 6, 2014).

Second, Nexus again attempts to mislead the Court by not accurately reciting the allegations of the Complaint.  The contracts which Nexus claims demonstrate its "nerve center" in Verona, Virginia, are attached to the Complaint, one last dated March 13, 2019 and the other last dated June 11, 2019..  They relate to work in Virginia and provide a Nexus address of 113 Mill Place Parkway, Suite 103, Verona, Virginia 24482."  (Def. Br. at 2).  What Nexus fails to tell the Court is the Complaint clearly alleges Nexus moved its principal place of business from Verona, Virginia and "[i]n March 2019, Nexus surrendered its existing charter and reincorporated in Georgia with its principal place of business in Atlanta, Georgia."  Compl. ¶ 5.

The allegations contained in the Complaint demonstrate a plausible set of facts that Nexus is incorporated in Georgia with its principal place of business there, and that the Court has subject matter jurisdiction over this case based on diversity of citizenship.

### III.    Defendant's Good Faith In Filing This Motion is Doubtful Given Its Failure to Cite All Relevant Factual Allegations From The Complaint, and Because It Has Repeatedly Conceded Its Principal Place of Business is in Georgia.

The Georgia Secretary of State's records show that Nexus was incorporated in Georgia on February 18, 2019.  Declaration of Francis H. Casola ("Casola Decl." at ¶ 3, Ex. A).  Consistent with the Complaint, its "Principal Office Address" is listed as "1175 Peachtree St NE,

10th Floor, Atlanta, VA, 303361, USA." The same business address is provided for each of its listed officers, Evan Ajin, Secretary, Micheal Donovan, CEO, and Richard Moore, CFO. Casola Decl. ¶ 4, Ex. A. Nexus' Articles of Incorporation also contain the same "Principal Office Address," as does its Annual Registration, good for years 2020 and 2021. Casola Decl. ¶ 5, Ex. A.

In addition, Nexus has filed a complaint in City of Richmond Circuit Court on August 3, 2020, alleging that its "principal office" had been changed from Verona, Virginia to being "in the State of Georgia." Casola Dec. ¶ 6, Ex. B, ¶1. In a related action, Eckert Seamans, a Pennsylvania law firm, filed a Complaint against Nexus in the U.S. District Court, E.D. Va., Richmond Division, on August 21, 2020, Case No. 3:20-cv-00658-HEH, asserting diversity jurisdiction and alleging that Nexus' principal place of business was "in Atlanta, GA" at 1175 Peachtree Street NE, 10th Floor, Suite 1000, Atlanta, GA  30361." Casola, Dec. ¶ 7, Ex. C, ¶¶ 3, 11. Nexus admitted each of these allegations in its Answer dated October 23, 2020. Casola Dec. ¶ 8, Ex. D, ¶¶ 3, 11.

The foregoing demonstrates that Defendant's motion is not serious, and appears to lack a good faith basis.

## CONCLUSION

For the foregoing reasons, the Court should deny Defendant's Motion to Dismiss, and award Plaintiff its costs and attorney's fees in this behalf expended.

SHERMAN-STOLTZ LAW GROUP, PLLC

By   /s/ Francis H. Casola

Francis H. Casola, Esq. (VSB No. 29108)
WOODS ROGERS PLC

Wells Fargo Tower, Suite 1800
P. O. Box 14125
Roanoke, VA 24038-4125
Telephone: (540) 983-7600
Facsimile: (540) 983-7711
E-mail: casola@woodsrogers.com

*Counsel for Plaintiff Sherman-Stoltz Law Group, PLLC*

## CERTIFICATE OF SERVICE

This 21st day of May, 2021, undersigned counsel caused the foregoing pleading to be filed on the Court's CM/ECF system which will deliver notice to all participants.


By  */s/ Francis H. Casola*