IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Harrisonburg Division

| | |
|---|---|
| SHERMAN-STOLTZ LAW GROUP, PLLC | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 5:21-cv-00004 |
| | ) |
| NEXUS SERVICES, INC., | ) |
| | ) |
| Defendant. | ) |
| | ) |

## ANSWER

Defendant NEXUS SERVICES, INC. ("Nexus"), by and through its undersigned attorney, hereby Answers the Verified Complaint of SHERMAN-STOLZ LAW GROUP, PLLC ("SSLG"), and sets forth its affirmative defenses as follows:

Defendant denies all allegations of the Verified Complaint other than those specifically admitted herein, and Defendant demands a trial by jury of this civil action as to all matters so triable.

### NATURE OF THE CAUSE

1. Paragraph 1 of the Verified Complaint contains only conclusory statements as to ultimate issues of fact and law in this action, which Plaintiff must prove by preponderant evidence. To the extent a response is required, Defendant denies all allegations of Paragraph 1.

## PARTIES

2. Paragraph 2 contains multiple allegations of fact concerning Plaintiff. Defendant lacks sufficient information to admit or deny all allegations in Paragraph 2, and on that basis, Defendant denies all allegations of Paragraph 2.

3. Defendant admits that it is a Georgia for-profit corporation with its principal place of business at 1175 Peachtree Street, NE, 10th Floor, Suite 1000, Atlanta, GA, 30361. Defendant admits that it provides certain services to the immigrant community throughout the United States. Except as expressly admitted, Defendant denies all remaining allegations of Paragraph 3.

4. Paragraph 4 of the Verified Complaint contains legal conclusions to which no response is required. To the extent that a response is required, Defendant denies all allegations of Paragraph 4.

5. Defendant admits that prior to March 2019 it was a Virginia corporation with its principal place of business at 113 Mill Place Parkway, Suite 103, Verona, VA, 24482. Defendant admits that it surrendered its Virginia charter and reincorporated in Georgia in 2019.  Except as expressly admitted, Defendant denies all remaining allegations of Paragraph 5.

6. Paragraph 6 of the Verified Complaint contains legal conclusions to which no response is required. To the extent that a response is required, Defendant denies all allegations of Paragraph 6.

7.     Paragraph 7 of the Verified Complaint contains legal conclusions to which no response is required. To the extent that a response is required, Defendant denies all allegations of Paragraph 7.

## COUNT I
## BREACH OF CONTRACT- CARIDADES SERVICES

8.     Defendant repeats and reincorporates its responses to paragraphs 1 through 7 of the Verified Complaint, and denies every allegation therein not expressly admitted in this Answer.

9.     Defendant admits that it made payments to Nexus Caridades Attorneys, Inc. for the provision of legal services to third-parties. Defendant admits that one of its primary missions is to provide support and services for persons held in, or facing, government detention. Except as expressly admitted, Defendant denies all remaining allegations of Paragraph 9.

10.    Defendant admits that it is no longer funding Nexus Caridades Attorneys, Inc. Except as expressly admitted, Defendant denies all remaining allegations of Paragraph 10.

11.    Defendant admits that numerous written communications exist between the parties hereto. These communications either speak for themselves or require legal conclusions to which no response is required. To the extent a response is required, except as expressly admitted, Defendant denies all remaining allegations of Paragraph 11.

12.    Paragraph 12 characterizes certain written communication between the parties hereto. As such communication speaks for itself or requires legal conclusions, no

response is required. To the extent a response is required, Defendant denies the allegations of Paragraph 12.

13. Paragraph 13 characterizes certain written communication between the parties hereto and draws certain legal conclusions therefrom. As such communication speaks for itself or requires legal conclusions, no response is required. To the extent a response is required, Defendant denies the allegations of Paragraph 13.

14. Defendant expressly denies that SSLG provided all clients legal services "as required by the agreement" in regard to providing such services at no cost to any immigrant client. Defendant lacks sufficient information to admit or deny the remaining allegations in Paragraph 14. To the extent a response is required, Defendant denies all remaining allegations of Paragraph 14.

15. Paragraph 15 of the Verified Complaint contains legal conclusions to which no response is required. To the extent that a response is required, Defendant denies all allegations of Paragraph 15.

16. Defendant denies the allegations of Paragraph 16 of the Verified Complaint.

17. Defendant denies the allegations of Paragraph 17 of the Verified Complaint.

18. Paragraph 18 of the Verified Complaint contains legal conclusions to which no response is required. To the extent that a response is required, Defendant denies all allegations of Paragraph 18.

19. Paragraph 19 of the Verified Complaint contains legal conclusions to which no response is required. To the extent that a response is required, Defendant denies all allegations of Paragraph 19.

20. Paragraph 20 of the Verified Complaint contains legal conclusions to which no response is required. To the extent that a response is required, Defendant denies all allegations of Paragraph 20.

## COUNT II
## BREACH OF CONTRACT- CRIMINAL LEGAL SERVICES

21. Defendant repeats and reincorporates its responses to paragraphs 1 through 20 of the Verified Complaint, and denies every allegation therein not expressly admitted in this Answer.

22. Defendant admits that numerous written communications exist between the parties hereto. These communications either speak for themselves or require legal conclusions to which no response is required. To the extent a response is required, except as expressly admitted, Defendant denies all remaining allegations of Paragraph 22.

23. Defendant admits that numerous written communications exist between the parties hereto. These communications either speak for themselves or require legal conclusions to which no response is required. To the extent a response is required, except as expressly admitted, Defendant denies all remaining allegations of Paragraph 23.

24. Defendant admits that numerous written communications exist between the parties hereto. These communications either speak for themselves or require legal

conclusions to which no response is required. To the extent a response is required, except as expressly admitted, Defendant denies all remaining allegations of Paragraph 24.

25. Defendant admits that SSLG accepted certain client referrals from Defendant. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 25 pertaining to SSLG's provision of services to third party clients, and on that basis, Defendant denies these allegations. The remaining allegations in Paragraph 25 require legal conclusions to which no response is required. To the extent a response is required, except as expressly admitted, Defendant denies all remaining allegations of Paragraph 25.

26. Defendant made multiple payments to SSLG. The remaining allegations of Paragraph 26 contain legal conclusions to which no response is required. To the extent a response is required, except as expressly admitted, Defendant denies all remaining allegations of Paragraph 26.

27. Defendant denies the allegations of Paragraph 27 of the Verified Complaint.

28. Paragraph 28 of the Verified Complaint contains legal conclusions to which no response is required. To the extent that a response is required, Defendant denies all allegations of Paragraph 28.

29. Paragraph 29 of the Verified Complaint contains legal conclusions to which no response is required. To the extent that a response is required, Defendant denies all allegations of Paragraph 29.

30. Defendant admits that numerous written communications exist between the parties hereto. These communications either speak for themselves or require legal conclusions to which no response is required. To the extent a response is required, except as expressly admitted, Defendant denies all remaining allegations of Paragraph 30.

31. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 31, and on that basis, Defendant denies all allegations of Paragraph 31.

## FIRST AFFIRMATIVE DEFENSE
### Subject Matter Jurisdiction

Defendant asserts that this Court is without subject matter jurisdiction over Plaintiff's claims.  In particular, i) the alleged contracts indicate an existing and ongoing Virginia business location, and Virginia address for Defendant's officers, ECF 31, at Ex. A, B; and ii) Defendant asserts that despite its reincorporation in Georgia in 2019, Defendant maintains a significant and critical operations complex in Verona, Virginia, where its officers and directors maintain physical office space and spend significant business time, where they attend meetings, conduct planning and organizational decision-making, send and receive mailings and intercompany communications, Defendant retains professionals, and meets with and communicates with its Virginia Counsel from such location, as well as other significant Virginia activities such that Defendant's Verona, Virginia complex is the "nerve center" of Defendant's business for purposes of determining Defendant's citizenship, and the subject-matter jurisdiction of this Court.

## SECOND AFFIRMATIVE DEFENSE
### Ripeness

Defendant asserts that the Verified Complaint and each claim asserted therein are not ripe under the Article III case or controversy requirement of the U.S. Constitution.

## THIRD AFFIRMATIVE DEFENSE
### No Meeting of the Minds

Defendant asserts that the parties hereto did not form a legally binding contract because there was no meeting of the minds as to the essential terms of an agreement, or one or more party made a mistake regarding an essential term.

## FOURTH AFFIRMATIVE DEFENSE
### Indefinite Terms

Defendant asserts that the parties hereto did not form a legally binding contract because certain key terms were too indefinite to be fully understood by all parties.

## FIFTH AFFIRMATIVE DEFENSE
### Unclean Hands

Defendant asserts that Plaintiff has committed a wrongdoing, including but not limited to breaching any contract(s) between the parties hereto, and Plaintiff is attempting to utilize this lawsuit to benefit from Plaintiff's own wrongdoing.

## SIXTH AFFIRMATIVE DEFENSE
### Fraud or Misrepresentation

Plaintiff misrepresented or failed to disclose important material facts to induce Defendant to unknowingly support its scheme to double charge both Nexus and the third-

party clients for the same legal services, and Defendant reasonably relied upon Plaintiff's representations in taking certain actions alleged herein.

## SEVENTH AFFIRMATIVE DEFENSE
### Impossibility

Defendant asserts that unexpected factors, not caused by Defendant, arose after the formation of any agreement that made performance impossible or impractical, or the purpose of any agreement became impossible to achieve because of external factors outside Defendant's control.

## EIGHTH AFFIRMATIVE DEFENSE
### Breach of Implied Warranty

Defendant asserts that Plaintff breached the implied warranty of good faith and fair dealing by acting unreasonably, which denied Defendant the benefits it expected under any agreement.

## NINTH AFFIRMATIVE DEFENSE
### Substantial Compliance

Defendant asserts that it largely complied with all the material elements of its duties under any agreement with Plaintiff except for the timing of certain payments, which were reasonably delayed for good cause.

## TENTH AFFIRMATIVE DEFENSE
### Failure to State Facts Sufficient to Constitute a Cause of Action

Plaintiff has failed to state facts sufficient to constitute a cause of action, so the entire Verified Complaint must fail.


party clients for the same legal services, and Defendant reasonably relied upon Plaintiff's representations in taking certain actions alleged herein.

## SEVENTH AFFIRMATIVE DEFENSE
### Impossibility

Defendant asserts that unexpected factors, not caused by Defendant, arose after the formation of any agreement that made performance impossible or impractical, or the purpose of any agreement became impossible to achieve because of external factors outside Defendant's control.

## EIGHTH AFFIRMATIVE DEFENSE
### Breach of Implied Warranty

Defendant asserts that Plaintff breached the implied warranty of good faith and fair dealing by acting unreasonably, which denied Defendant the benefits it expected under any agreement.

## NINTH AFFIRMATIVE DEFENSE
### Substantial Compliance

Defendant asserts that it largely complied with all the material elements of its duties under any agreement with Plaintiff except for the timing of certain payments, which were reasonably delayed for good cause.

## TENTH AFFIRMATIVE DEFENSE
### Failure to State Facts Sufficient to Constitute a Cause of Action

Plaintiff has failed to state facts sufficient to constitute a cause of action, so the entire Verified Complaint must fail.

## ELEVENTH AFFIRMATIVE DEFENSE
### Mitigation

Plaintiff failed to properly mitigate any damages it sustained, or in any instance where Plaintiff did mitigate such damages, Plaintiff did not offset such mitigation in its prayer for relief against Defendant.

## TWELFTH AFFIRMATIVE DEFENSE
### Illegality

Plaintiff's conduct was illegal.

## THIRTEENTH AFFIRMATIVE DEFENSE
### Waiver

Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver, as a result of the conduct, representations, and omissions of Plaintiff.

## FOURTEENTH AFFIRMATIVE DEFENSE
### Equitable Estoppel

Plaintiff is estopped from asserting the Verified Complaint, and each purported cause of action therein, by its own actions and course of conduct.

## FIFTEENTH AFFIRMATIVE DEFENSE
### Lack of Reasonable Cause to Sue

Plaintiff did not have and does not have reasonable cause to initiate and maintain this action, nor to believe that Defendant was ever liable, in whole or in part, to Plaintiff. Further, Plaintiff has sustained no injuries, damages, or loss by reason of any act of Defendant.

### SIXTEENTH AFFIRMATIVE DEFENSE
### Apportionment

Whatever damage, injury, loss or expense may be, or may have been incurred by Plaintiff under the circumstances and events alleged in the Verified Complaint was solely, directly and proximately caused, or alternatively, contributed to by the misconduct, negligence, or wrongful conduct of Plaintiff or other third parties whose identities are not now known to Defendant. Defendant therefore requests that in the event Plaintiff recovers against Defendant, whether by settlement or judgment, an apportionment of fault be made by the Court or jury as to all parties. Defendant further request judgment and a declaration of indemnification and contribution against all other parties in accordance with the apportionment of fault.

### SEVENTEENTH AFFIRMATIVE DEFENSE
### Reservation of Affirmative Defenses

Defendant does not currently have sufficient information or knowledge with which to form a belief as to whether it may have additional, as yet unstated, defenses available. To the extent not set forth herein, Defendant reserves the right to assert additional defenses that become available or apparent during discovery and to amend their Answer accordingly.

### PRAYER

Wherefore, Defendant prays as follows:

1. That Plaintiff takes nothing by reason of its Verified Complaint, and that judgment be rendered in Defendant's favor;

2. That Defendant be awarded its attorney fees and costs of suit incurred in the defense of this action;

3. That the Verified Complaint be dismissed with prejudice; and

4. For all other and further relief as the Court deems just and proper.

Respectfully submitted this 16th day of August 2021,

Nexus Services, Inc.

By and through Counsel,

/s/ Christopher M. Okay

_____
Christopher M. Okay (VSB No. 35611)

Chris Okay, Attorney at Law
117 S. Lewis Street, Suite 218
Staunton, Virginia  24401
(540) 466-3130
chrisokay@icloud.com

*Counsel for Nexus Services, Inc.*

13 | P a g e

**CERTIFICATE OF SERVICE**

I certify that on this 4th day of June 2021, a true and correct copy of the foregoing Answer to Amended Complaint was filed by undersigned Counsel for Defendant via CM/ECF, which will send a notification of such filing to all counsel of record:

Francis H. Casola, Esq. (VSB No. 29108)
WOODS ROGERS PLC
Wells Fargo Tower, Suite 1800
P. O. Box 14125
Roanoke, VA 24038-4125
E-mail: casola@woodsrogers.com


/s/ Christopher M Okay

Chris Okay, Attorney at Law
117 South Lewis Street, Suite 218
Staunton, Virginia 24401
(540) 466-3130
chrisokay@icloud.com

*Counsel for Defendants*