## Joel Hoppe

| | |
|---|---|
| **From:** | Chris Okay <chrisokay@icloud.com> |
| **Sent:** | Wednesday, January 12, 2022 1:40 PM |
| **To:** | VAWD_HOPPE ECF |
| **Cc:** | casola_woodsrogers.com |
| **Subject:** | Re: Sherman-Stoltz Law Group, PLLC v. Nexus Services, Inc. |

**CAUTION - EXTERNAL:**

Judge Hoppe --

Respectfully, this "dispute" is not a dispute at all. Per the Scheduling Order in this case, Discovery ended December 30, 2021, 90 days before trial.

Counsel for Plaintiff contacted me December 17 to inform me that he had not realized that he failed to serve his Initial Disclosures on Defendant by the due date of October 1, 2021. Defendant timely filed its Disclosures. Counsel for Plaintiff requested my agreement to allow the late service of the Initial Disclosures by Plaintiff, Defendant agreed, and Defendant did not seek sanctions for Plaintiff's tardiness.

Counsel for Plaintiff also inquired of me that day whether Defendant would agree to extend Discovery for a period to allow each Party to conduct discovery before trial, and the Parties agreed that Discovery would be permitted to January 28, 2022 to allow each Party to serve and Answer discovery. Plaintiff served its Discovery upon Defendant by email December 17, which requests were served by mail and received by Defendant December 23, 2021.

Due to the advent of the Christmas and New Years holidays, and the urgent press of other business including matters before this Court, and including Defendant's Counsel's diligent efforts to work with Defendants to begin addressing Plaintiff's tardy discovery in this case, Defendant was unable to issue complete Discovery to Plaintiff until January 7, 2022, when Defendant in good faith served Plaintiff with Interrogatories and Requests for Production of Documents, setting a 21-day response period such that Defendant could receive Answers by the January 28, 2022 deadline agreed to by the Parties. Counsel for Plaintiff balked, and stated that he would not commit to Answer Defendant's Discovery because 21 days was not enough. Counsel for Defendant suggested that the Parties move the agreed date of close of Discovery to February 7 ,2022 to allow each Party discovery, but Counsel for Plaintiff refused. Counsel for Defendant advised Counsel for Plaintiff that, this being the case, his offer to extend Discovery to January 28, 2022 was revoked.

The depositions in question were not noticed within the Discovery period set by the Scheduling Order, and Counsel for Plaintiff never committed to answering Defendant's good faith discovery, so the depositions were cancelled by Defendant with ample Notice to Plaintiff.

Defendant views this "dispute" as nothing more than a matter of courtesy, comity and cooperation, and/or the lack thereof by Plaintiff's Counsel who is seeking to demand discovery from Defendant while denying Defendant the same opportunity which was only extended to Plaintiff by permission of Defendant, and contrary to the Scheduling Order. Defendant is not opposed to continuing the case, rescheduling the trial date and amending the Scheduling Order as appropriate.

Very truly yours,

Chris Okay

Counsel for Defendant

Thank you

On Jan 12, 2022, at 1:09 PM, "Casola, Chip" <casola@woodsrogers.com> wrote:

Dear Judge Hoppe,

We are forwarding this email at the request of your courtroom deputy Ms. Dotson to give you a brief overview of the party's dispute which we need to address to you at 2:00 p.m.

We represent plaintiff Sherman-Stoltz Law Group in this case against Nexus Services, Inc. SSLG agreed to provide legal services to clients which Nexus referred to it under its pro bono program.  Nexus was to fund that program. Nexus paid over $1.2M under the contracts, but failed to pay over $800,000 on the contracts and SSLG has sued to recover this unpaid balance of the contracts. Nexus had promised payment to our client up to the time suit was filed.

The dispute we need to raise is a discovery dispute.  On December 17 counsel agreed to extend the discovery cutoff two weeks to complete discovery – written and depositions.  It was agreed that all other pretrial deadlines would remain unaffected.  So, by agreement the discovery cutoff moved from Jan. 17 to January 28.  At the time of the call Plaintiff had issued written discovery which was due on or about Jan. 16.  The agreement gave defense counsel 12 days to serve written discovery if he was so inclined (so there was 30 days to respond within the discovery period).  The deadline came and went, and we received his discovery on Jan. 7, giving us 21 days to respond purportedly within the discovery period.  We never agreed to a shortened discovery period.

Because we did not want to jam the court's pretrial deadlines, we would not agree to extend the discovery period further as defense counsel requested. However, in an effort to work with counsel we agreed to do provide responses by the 21 day deadline and even went so far as to agree to do our best to provide what we could prior to the deposition of SSLG's principal, Jessica Sherman-Stoltz, Esq. (which defense counsel had requested, but which he has failed to schedule despite repeated requests that the deposition be calendared). However, we would not agree to extend the discovery period further as requested by defense counsel.

Because we would not agree, defense counsel canceled two depositions of two of his employees scheduled for today. Those depositions had already been rescheduled once before and rescheduled at

defense counsel's request), and we need to take them prior to the deadline for filing dispositive motions this Friday.

In addition to these depositions, since before the end of December, we have also repeatedly asked for the depositions of Richard Moore and Micheal Donovan (along with a 30(b)(6) dep.) within the discovery period of Jan. 28. Defense counsel has never provided a date for Moore. He did provide Jan. 28 for Donovan for the first time yesterday, but only on the condition that we agree to extend discovery. We noticed the 30(b)(6) deposition of Nexus for January 25. Defense counsel has not requested a conference about it, and has not tried to move the date.

We apologize for having to bring this to your Honor's attention, but defendant's actions are not within the rules and have interfered with our ability to prosecute this case. The Court is well aware of the reputation of Nexus and the conduct of Messrs. Moore and Donovan in other litigation. In addition, this case got off to a bad start for the reasons set out in our motion for default early on. We hope you can help us get this case back on track. We do not wish to continue the trial date set for March 30-31, 2022.

I look forward to discussing this matter with you at 2:00 p.m.

Regards,

Chip Casola

**Francis H. Casola**
**Woods Rogers PLC**
10 S. Jefferson Street, Suite 1800 | Roanoke, VA 24011
**P** (540) 983-7716 | **M** (540) 556-6261 | **F** (540) 322-1323
casola@woodsrogers.com
A member of Interlaw, an International Association of Independent Law Firms

NOTICE: This communication from Woods Rogers PLC, including attachments, if any, is intended as a confidential and privileged communication. If received in error, you should not copy, save or reproduce in any manner or form, but delete immediately and notify the sender.

 **Please consider the environment before printing this email**

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

4