IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Harrisonburg Division

| | | |
|---|---|---|
| SHERMAN-STOLTZ LAW GROUP, PLLC, | ) | |
|     Plaintiff, | ) | Civil Action No. 5:21cv00004 |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| NEXUS SERVICES, INC., | ) | By:    Joel C. Hoppe |
|     Defendant. | ) | United States Magistrate Judge |

    This matter is before the Court on a pretrial discovery dispute. *See* Sched. Order 2, ECF No. 29. In July 2021, the presiding District Judge issued a Scheduling Order setting a two-day jury trial for March 30–31, 2022, and directing the parties to complete discovery 90 days before trial. *Id.* at 1. That August, I issued an Amended Scheduling Order approving the parties' stipulation that the discovery deadline be extended through January 14, 2022, which is 75 days before the trial date. Am. Sched. Order 1, ECF No. 34; *see* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."). On January 12, 2022, the parties informed the Court by email that they had agreed to extend the discovery deadline by two weeks, or through January 28, 2022, to allow the parties to issue and respond to written discovery and conduct depositions. *But see* Fed. R. Civ. P. 29(b) ("[A] stipulation extending the time for any form of discovery must have court approval if it would interfere with the time set for completing discovery").

    In his email, Plaintiff's counsel stated that Plaintiff served her written discovery requests around December 17, 2021, giving Defendant until "on or about" January 16, 2022, to serve its responses. *See* Fed. R. Civ. P. 33(b)(2) ("The responding party must serve its answers and any objections within 30 days after being served with the interrogatories."); Fed. R. Civ. P. 34(b)(2)(A) ("The party to whom the request [for production] is directed must respond in writing

1

within 30 days after being served"). Defendant served its written discovery requests on January 7, 2022, giving Plaintiff only 21 days to respond before discovery ostensibly closed on January 28, 2022. The Federal Rules of Civil Procedure generally give a party 30 days after being served with a written discovery request to respond. *See* Fed. R. Civ. P. 33(b)(2), 34(b)(2)(A). Plaintiff's counsel did not agree to a shortened response time, but they offered to "provide what [they] could" before Plaintiff's still-unscheduled deposition. Counsel also declined Defendant's counsel's suggestion that the parties further extend the discovery cut-off to February 7, 2022, which is three weeks past the Court's deadline to file dispositive motions. *See* Am. Sched. Order 2 (January 14, 2022). Defendant's counsel then told Plaintiff's counsel "that, this being the case, his offer to extend [d]iscovery to January 28, 2022 was revoked."

The parties previously scheduled oral depositions of Ms. Breeden and Mr. Okonski, current or former Nexus employees, to be held on Wednesday, January 12, 2022. Plaintiff's counsel represents that Plaintiff intends to file dispositive motions the Court's January 14 deadline and that she needs these employees' testimony to support her position. *See* Am. Sched. Order 2. Defendant's counsel unilaterally canceled both employees' depositions on January 11, 2022. He did so because Plaintiff's counsel "never committed to answering Defendant's . . . [written] discovery" requests. *But see* Fed. R. Civ. P. 33(b)(2), 34(b)(2)(A), 37(d)(2). In addition to Ms. Breeden and Mr. Okonski, Plaintiff still needs to depose Michael Donavon, Richard Moore, and Defendant's Rule 30(b)(6) corporate designee(s). Plaintiff's counsel previously noticed the Rule 30(b)(6) deposition for January 25, 2022, but he has not been able to schedule oral depositions of Mr. Donavan or Mr. Moore. Defendant's counsel has asked to depose Plaintiff on January 26, 2022.

The Court held a conference call with the parties on January 12, 2022. For the reasons stated on the record, it is hereby ORDERED that:

1. Ms. Breeden and Mr. Okonski shall each appear by videoconference for a deposition upon oral examination by Plaintiff's counsel in this matter at **10:00 a.m. on Thursday, January 13, 2022**, as agreed to by counsel for the parties.

2. The deadline to file dispositive motions remains **January 14, 2022**.

3. The deadline to complete discovery is extended through **January 28, 2022**.

    a. Defendant shall serve its proper objections, answers, or responses to Plaintiff's written discovery requests on or before **January 18, 2022**.

    b. Defendant shall make a qualified Rule 30(b)(6) designee(s) available for a deposition upon oral examination by Plaintiff's counsel on or before **January 25, 2022.**

    c. Plaintiff shall appear for a deposition upon oral examination by Defendant's counsel on or before **January 26, 2022.**

    d. Plaintiff shall serve her proper objections, answers, or responses to Defendant's written discovery requests on or before **January 28, 2022**.

    e. Mr. Donavon and Mr. Moore shall each appear for a deposition upon oral examination by Plaintiff's counsel on or before **January 28, 2022**.

4. The matter remains scheduled for a two-day jury trial on March 30–31, 2022. Any request to expand the number of trial days should be made by properly supported written motion.

It is so ORDERED.

ENTER: January 13, 2022

*Joel C. Hoppe*

Joel C. Hoppe
United States Magistrate Judge

3