IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Harrisonburg Division

| | |
|---|---|
| SHERMAN-STOLTZ LAW GROUP, PLLC )<br>)<br>Plaintiff, )<br>)<br>v. )  Case No. 5:21-cv-00004<br>)<br>NEXUS SERVICES, INC., )<br>)<br>Defendant. )<br>_____ ) | |

**DEFENDANT'S MEMORANDUM IN SUPPORT
OF MOTION FOR SUMMARY JUDGMENT**

Defendant NEXUS SERVICES, INC. ("Nexus"), by and through its undersigned Counsel, hereby renews its Motion to Dismiss (ECF 6) and submits the following Memorandum in Support of Defendant's Motion for Summary Judgment, and moves this Court to award Summary Judgment to Defendant Nexus Services, Inc.

Defendant moves this Court to award summary judgment pursuant to Rule 12(b)(1), and Rule 56, Fed. R. Civ. P. on the ground that the preponderant evidence in this matter proves that Defendant's principal place of business and "nerve center" for jurisdictional purposes is in Verona, Virginia. Accordingly, Defendant is a citizen of Virginia, and the Plaintiff has not, and cannot meet its burden of proving by preponderant evidence that the Parties to this action are completely diverse of citizenship as required. See 28 U.S.C. §1332(a)(1) (1948, as amended).

This Court therefore lacks subject-matter jurisdiction to adjudicate this common law breach of contract action, and Plaintiff's cause must be summarily dismissed for lack of federal diversity jurisdiction on the undisputed facts, and the legal authorities referenced herein.

I.      STATEMENT OF UNDISPUTED FACTS

As pertinent to and in support of Defendant's motion, the sum of the allegations of the Amended Complaint, and of Defendant's sworn Answer to the Amended Complaint, and the other evidence attached hereto and incorporated herein by reference undisputedly demonstrate as follows:

1.      Plaintiff Sherman Stoltz Law Group ("SSLG") is a Professional Limited Liability Company ("PLLC") organized in, and authorized to conduct business in Virginia, with offices located in the Commonwealth of Virginia.  See ECF 31, at ¶2.

2.      Defendant Nexus Services, Inc. is a corporation organized under the laws of Georgia, with an office and/or place of business in Atlanta, Georgia.  See ECF 31, at ¶3.

3.      In answering the Amended Complaint Defendant denied that its principal place of business is in Georgia, and states instead that its principal place of business is in Verona Virginia.  ECF 33, at Paragraph 3.

3.      Defendant Nexus Services, Inc. maintains business offices, and employs officers, employees, and is authorized to conduct, and in fact conducts by far the majority of its regular business activities in the Commonwealth of Virginia, with offices at 113 Mill Place Parkway, Suite 103, Verona, Virginia 24482 (the "Verona campus").  See ECF 31, at Ex. A, Ex. B; also, e.g., Attachment 2, Deposition of Lisa Breeden (Excerpts) at 15 ln 16-23 (Nexus operational campus in Verona Virginia); at 16 ln1-16, 22-24 (Co. operations run out of Verona); at 17 ln 2-24 (list of other Nexus offices); at 18 ln 16-19 (California office); at 19 ln 20-25 (Call center in Puerto Rico); at 20 ln 3-9; at 21 ln 15; at 21 ln 19 (staffing and R Wells at Atlanta location); at 22 ln 4 (Chicago office not staffed); at 22 ln 11-20 (Nexus Advisory Board is in Verona); at 24 ln 1-25 (Corporate officers in Verona identified); at 27 ln 10-23 (Donovan and Moore live in

Fishersville VA); at 33 ln 1-7; at 37 ln 4-8; at 38 ln 15-20 (R Wells' operations in Atlanta are supervised by Exec VP R Moore in Verona Virginia).

4. Defendant is a closely-held corporation, with majority owner and CEO and President Micheal Donovan maintaining his primary office, and other principal officers at Nexus Services Inc. having their primary offices at Nexus' Verona campus in Virginia. See Attachment 1, Declaration of Micheal Donovan at Paragraph 1; also Attachment 4, Nexus Services Inc. Registration with Virginia SCC (public record) 03192019.

5. Defendant's other primary officers all maintain their sole regular their sole regular offices at the Verona campus. Id., at Paragraph 2.

6. Likewise, the Nexus Advisory Board of Directors (composed of several corporate officers and Directors) all maintain offices at the Verona campus, where they assist Mr. Donovan and the Officers of the Corporation with management advice, decision-making and operational activities in support of the Corporation's business. Id at Paragraphs 5-6.

7. Essentially all operational, and other decision-making for Nexus Services Inc. by CEO and President Donovan, Executive VP Moore, almost all other principal officers of the Corporation, the Nexus Advisory Board of Directors, and the heads of Nexus' major departments (HR, Finance, Operations, corporate security, corporate Secretary, Board meetings, subsidiary operations, etc.) all operate primarily at Nexus' Verona campus in Virginia. Id. at Paragraphs 3-10; Attachment 2, at 16 ln 1-16, 22-24; Attachment 3, Deposition Transcript of Tim Okonski (Excerpts), at 6 ln 8-13 (Corp campus located in Verona Virginia); at 7 ln 7, 22-25 (former General Counsel & CPA in Atlanta at one time was reason for Atlanta presence); at 8 ln 2-12, at 9 ln 6-24 (lower level finance staff in Atlanta, all supervised by R Moore in Verona Va.); at 10 ln 20-11 ln 6 (Atlanta presence is "We Work" type space, not traditional office); at 12-14

(description of other offices); at 15 ln 7-8 (Nexus and Libre are distinct entities); at 19 ln 3-5 (with separate bank accounts); at 26 (R Moore responsible for disbursing payments to vendors); at 27 ln 2-5, 16-19 (Accounts Payable personnel are in Verona under Richard Moore); and at 43 ln 19-44 ln3 (since March 2019, bulk of company operations occur in Verona Virginia).

8.  In addition, Nexus' Georgia office, cited by Plaintiff in support of its bare assertion that there is complete diversity between the Parties to this action is occupied only by the Corporation's Chief Financial Officer, Rebecca Wells, at present. Id. at Paragraph 11; Attachment 2 at 21 ln 15.

9.  Ms. Wells did not join the Corporation and begin working in Nexus' Georgia office location until after the commencement of this civil action in 2021. Attachment 1, at Paragraph 11.

10. Mr. Donovan has never visited the Nexus Georgia office location, and Executive Vice President Richard Moore has only visited the office twice and neither of these principal owners of the Corporation maintain an office or generally engage in decision-making for the Corporation from the Georgia office location. Attachment 1, at Paragraph 12.

11. Plaintiff alleges that its cause(s) of action against this Defendant are based upon two alleged contracts with the Plaintiff. ECF 31, at ¶¶13, 23; also ECF 31 at Exhibits A-B.

12. The contracts asserted by Plaintiff disclose that they were entered into within the Commonwealth of Virginia, by Plaintiff and Defendant who each: i) maintain offices; ii) employ officers and employees, and iii) conduct ordinary business activities within the Commonwealth of Virginia. See ECF 31, at Ex. A; also ECF 31, at Ex. B.

## II. AUTHORITIES AND LEGAL ARGUMENT

A. <u>Legal Standards</u>.

1. <u>Summary Judgment per Rule 56, Federal Rules Civil Procedure</u>.

Rule 56(a) of the Federal Rules of Civil Procedure provides that, "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a) (1946, as amended). The standard to be applied by this Court in deciding Defendants' Motion for Summary Judgment is that, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 255 (1986). Summary judgment should be granted only if no reasonable jury could find in favor of the non-moving party. <u>Id.</u> at 250-51.

In this case, Defendant Nexus Services Inc. asserts that Plaintiff's Amended Complaint allegation of complete diversity between the Parties is merely a bare assertion grounded only upon Defendant's corporate registration in Georgia. Plaintiff failed to identify <u>any</u> undisputed facts or circumstances (let alone preponderant evidence) proving that Defendant's "principal place of business" and "nerve center" lies for diversity jurisdiction purposes in Georgia. Indeed, all relevant competent facts and evidence (referenced above, in Statement of Undisputed Facts, <u>see</u> e.g., Paragraphs 3-10 above) indicate that under the following analysis that no reasonable trier of fact or law could find in favor of Plaintiff Sherman-Stoltz Law Group on the issue of there being true and complete diversity between the Parties for purposes of availing itself of this Court's subject matter jurisidiction.

2. <u>Rule 12(b)(1): Subject Matter Jurisdiction</u>

Federal district courts are courts of limited jurisdiction. "Thus, when a district court lacks subject matter jurisdiction over an action, the action must be dismissed." United States v. Jadhay, 555 F.3d 337, 347 (4th Cir. 2009). A challenge to a court's subject matter jurisdiction can be raised at any time and is properly considered on a motion under Rule 12(b)(1) of the Federal Rules of Civil Procedure. The burden of proving subject matter jurisdiction in response to a Rule 12(b)(1) motion rests with the plaintiff, the party asserting jurisdiction. See Williams v. United States, 50 F.3d 299, 304 (4th Cir. 1995).

3.     Diversity Jurisdiction Pursuant to 28 U.S.C. §1332

Plaintiff asserts this civil action is within the subject-matter jurisdiction of this Court by reason of the amount in controversy (exceeds $75,000.00), as well as the diversity of citizenship of the Parties, per 28 U.S.C. §1332(a):

> The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—
> 
> (1) citizens of different States . . .

See 28 U.S.C. §1332(a)(1); also Amended Complaint, at ¶4. The statute further describes, as to corporate parties, when corporations are considered "citizens of different States":

> - a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . .

28 U.S.C. §1332(c)(1).

Most recently, in examining the several varying approaches applied by the Circuit Courts of Appeals to the question of a corporation's place of "citizenship" for purposes of exercising diversity jurisdiction, the U.S. Supreme Court determined that the most accurate and fair test of the "principal place of business" of a corporation is where the corporation's "nerve center" is located:

6

> We conclude that "principal place of business" is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities. It is the place that Courts of Appeals have called the corporation's "nerve center." And in practice it should normally be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination, *i.e.*, the "nerve center," and not simply an office where the corporation holds its board meetings (for example, attended by directors and officers who have traveled there for the occasion).

See Hertz Corp. v. Friend, 559 U.S. 77, 93 (2010). In so holding, the Supreme Court harkened to the underlying basis for diversity jurisdiction:

> the general purpose of diversity jurisdiction, *i.e.*, [is] an effort to find the State where a corporation is least likely to suffer out-of-state prejudice when it is sued in a local court, *Pease* v. *Peck,* 18 How. 595, 599 (1856). But . . . the relevant purposive concern—prejudice against an out-of-state party—will often depend upon factors that courts cannot easily measure, for example, a corporation's image, its history, and its advertising, while the factors that courts can more easily measure, for example, its office or plant location, its sales, its employment, or the nature of the goods or services it supplies, will sometimes bear no more than a distant relation to the likelihood of prejudice.

Id., at 92; accord Hoschar v. Appalachian Power Co., 739 F.3d 163 (4th Cir. 2014)(" the Supreme Court in *Hertz* definitively held that, for purposes of diversity jurisdiction, a corporation's principal place of business is its "nerve center." *Hertz,* 559 U.S. at 93.).

This Court, and the Fourth Circuit Court of Appeals have consistently applied the Hertz analysis in examining claims of diversity jurisdiction. See, e.g., Navy Fed. Credit Union v. LTD Fin. Servs., LP, 972 F.3d 344, 364 (4th Cir. 2020)(federally chartered corporation had no corporate citizenship by virtue of state registration, but its "principal place of business" in Virginia destroyed complete diversity, required for federal court subject matter jurisdiction); also Turner v. Digital Broad. Corp., 894 F.Supp.2d 748, (W.D. Va. 2012)(Corporate nerve center was properly found in "the location of the corporate decision-maker who has the legal responsibility for making high-level corporate decisions and actually makes those decisions...").

B. The Undisputed Facts Demonstrate That Defendant Is A Corporate Citizen Of Virginia By Virtue Of Its "Nerve Center" Being Located In Verona, Virginia Where Its Management Team Directs, Controls And Coordinates The Daily Business Of Defendant <u>Nexus Services Inc.</u>

In its Complaint, and for purposes of invoking this Court's diversity jurisdiction, and "the long arm statute" to bring its claims against Defendant in this Court, Plaintiff claims that the Defendant is a citizen of the state of Georgia, on the basis of Defendant's place of incorporation (Georgia), and on the assertion that Defendant's "principal place of business" lies also in Georgia.  <u>See</u> ECF 31 at ¶5.

The Plaintiff's Amended Complaint allegation in this regard is a bare assertion which fails to allege any facts in support of its conclusion that Defendant's "principal place of business" lies in Georgia.  For example, the Complaint does not identify the "nerve center" of Nexus Services Inc., consistent with the Supreme Court's current test for diversity of citizenship.  <u>See</u> <u>Hertz Corp. v. Friend</u>, 559 U.S. at 80–81; nor does it contain any discussion of the several relevant factors that might tend to demonstrate that Nexus Services Inc.'s "nerve center" is in Georgia, rather than the forum state of Virginia, or vice-versa.  <u>See</u> ECF 31, generally.

Ultimately, Defendant contends that this Court must measure Plaintiff's bare assertion that Defendant is a citizen of Georgia, and that Georgia is Defendant's "principal place of business", against such facts as are readily apparent from the Complaint and its Exhibits:

1) Defendant maintains its principal offices, officers, and Advisory Board, who together direct essentially ALL of Nexus' operations in Virginia; Attachment 1, at Paragraphs 1-6;

2) the contracts at issue both list Defendant's business location as Verona, Virginia; ECF 31 at Exhibits A, B;

3) both contracts contain a "footer" listing Nexus Services, Inc.'s business address for purposes of the contract as 113 Mill Place Parkway, Suite 103, Verona, Virginia 24482; <u>Id.</u>;

4) the alleged Agreement for [Criminal] Legal Services provides expressly that SSLG agreed to, "provide criminal defense legal services to certain potential clients referred by Nexus <u>in the western, central and northern regions of Virginia</u>", see ECF 31, at ¶24; along with other relevant facts listed above in Paragraphs 3-10 that are <u>determinative</u> of Defendant's "principal place of business" for purposes of proving this Court's subject-matter jurisdiction in this case under the Supreme Court's "nerve center" test as articulated in its <u>Hertz</u> opinion.  See

Because the Amended Complaint is silent as to facts that would be relevant in this Court's analysis and determination whether it may exercise diversity jurisdiction over this cause per 28 U.S.C. §1332(a)(1), and because the efforts of each Party's discovery in this case resulted in the production of competent and overwhelming evidence that Nexus' "principal place of business" is in Verona, Virginia, these Parties are not completely diverse of citizenship.

Thus, this Court must Summary Judgment to Defendant Nexus Services Inc., and it must dismiss the Complaint pursuant to Rule 56, and Rule 12(b)(1), Fed. R. Civ. P.

## CONCLUSION

This Court must award Summary Judgment to Defendant, because there is no dispute of material fact as to Defendant's principal place of business being in Virginia.  Moreover, Defendant is entitled to Judgment as a matter of law pursuant to Rule 56 and Rule 12(b)(1), and 28 U.S.C. Section 1332, where Plaintiff cannot prove complete diversity of the Parties as required for this Court to exercise its diversity jurisdiction over this breach of contract action, which cause of action does not otherwise implicate federal law, or any other alternate basis of federal court jurisdiction.

Respectfully submitted,

NEXUS SERVICES, INC.

By and through its Counsel,

/s/ Christopher M. Okay

|  |  |
|---|---|
| _____ | **January 14, 2022** |

Christopher M. Okay, Esq.  VSB#35611

Chris Okay, Attorney at Law
117 S. Lewis Street, Suite 218
Staunton, Virginia 24401
(540) 466-3130
chrisokay@icloud.com