**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Harrisonburg Division**

| | |
|---|---|
| SHERMAN-STOLTZ LAW GROUP, PLLC )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>NEXUS SERVICES, INC., )<br>)<br>Defendant. )<br>_____ )<br>) | Case No. 5:21-cv-00004 |

<u>**DEFENDANT'S MOTION FOR LEAVE TO AMEND ANSWER AND STIPULATION**</u>

COMES NOW Defendant NEXUS SERVICES, INC. ("Nexus"), by and through its undersigned Counsel, pursuant to Rule 15, Fed. R. Civ. P, to move this Court for Leave to Amend its Answer, which First Amended Answer is attached hereto, in order to conform Defendant's pleadings with the sworn affidavits and testimony of record in this matter, and for purposes of internal consistency among Defendant's pleadings and submissions as to the jurisdictional assertions of Plaintiff and Defendant.

Rule 15 provides, in pertinent part:

(a) AMENDMENTS BEFORE TRIAL.

. . .

(2) *Other Amendments.* In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

(3) *Time to Respond.* Unless the court orders otherwise, any required response to an amended pleading must be made within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later.

Fed. R. Civ. P. 15(a)(2) (1963, as amended).

The Fourth Circuit has many times upheld the right of a party to amend its pleadings to conform to the evidence adduced in discovery:

> A plaintiff may amend his complaint one time as a matter of course before the defendant files a responsive pleading. Fed. R. Civ. P. 15(a). Once the defendant files a responsive pleading, however, the plaintiff may amend his complaint only by leave of the court or by written consent of the defendant, id., but Rule 15(a) directs that leave to amend "shall be freely given when justice so requires." This liberal rule gives effect to the federal policy in favor of resolving cases on their merits instead of disposing of them on technicalities. See Conley v. Gibson, 355 U.S. 41, 48 (1957) ("The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the mer its."); Ostrzenski v. Seigel, 177 F.3d 245, 252-53 (4th Cir. 1999) ("The federal rule policy of deciding cases on the basis of the substan tive rights involved rather than on technicalities requires that [the] plaintiff be given every opportunity to cure a formal defect in his pleading." (quoting 5A Charles Allen Wright & Arthur R. Miller, Federal Practice & Procedure § 1357 (2d ed. 1990))).

See, e.g., Laber v. Harvey, 438 F.3d 404, 426-27 (4th Cir. 2006)(denial of Plaintiff's motion for leave to amend reversed because motion for leave not made in bad faith despite its late submission, no prejudice to government who failed to conduct meaningful discovery, amendment not futile).

The Court in Laver further defined its role in assessing Rule 15 Motions:

> We have interpreted Rule 15(a) to provide that "leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." See Johnson v. Oroweat Foods Co., 785 F.2d 503, 509 (4th Cir.1986) (citing Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)).23 Whether an amendment is prejudicial will often be determined by the nature of the amendment and its timing. A common example of a prejudicial amendment is one that "raises a new legal theory that would require the gathering and analysis of facts not already considered by the [defendant, and] is offered shortly before or during trial." Id.

See Laber v. Harvey, 438 F.3d 404, 2006 WL 348289 (4th Cir. 2006).

In this case, Defendant moves to amend its Answer to clarify that, while Defendant maintains a "registered office" in Georgia, discovery by the Parties has shown it undisputed that Defendant's "principal place of business" and "nerve center" of corporate operations for jurisdictional purposes is located at 113 Mill Place Parkway, Verona, Virginia 24482. See, ECF

41, at Exs. 1, 2, 3, 4 (Defendant maintains its "principal place of business" and its "nerve center" where essentially all company business is directed from such location by its Owner, its Officers, and its Advisory Board of Directors for purposes of this Court's analysis of its subject-matter jurisdiction in this case at 113 Mill Place Parkway, Verona Virginia 24482); e.g., Hertz Corp. v. Friend, 559 U.S. 77, 80-81 (2010).

Defendant asserts that there is no prejudice to Plaintiff in granting Defendant's Motion for Leave to Amend, because Defendant and Plaintiff determined simultaneously at the depositions of Lisa Breeden and Tim Okonski on January 13, 2022 that Defendant's "nerve center" is conclusively located in Verona Virginia.  See ECF 41, Ex. 2 at 12, line 14-20; Ex. 3 at 14-15 (discussion). Accordingly, Plaintiff has been on notice that Defendant is making this claim since Defendant first filed its Answer and First Affirmative Defense in August 2021, yet Plaintiff did not conduct discovery of these facts until approximately 90 days before trial.   In addition, Defendant's motion is not futile because there are no preponderant opposing facts discovered by either Party that disproves Defendant's assertions that its "principal place of business" and "nerve center" for jurisdictional purposes is in fact located in Virginia, see Amended Answer, attached, at Paragraph 3.

Defendant notes that Defendant's Answer submitted in this action already asserts that Defendant's "nerve center" and principal place of business is in Verona Virginia at its First Affirmative Defense, see ECF 33 at 7.  Accordingly, Defendant seeks leave to Amend its Answer in order to conform the pleadings with the undisputed facts adduced during discovery by both Parties.  Moreover, the purpose of Rule 15, and the amendment of pleadings as a policy matter is so that civil actions are decided on the merits of the dispute rather than on technicalities or inadvertent errors in pleadings. Defendant asserts that there is no prejudice to Plaintiff in

Defendant's proposed Amendment where Plaintiff is and has been aware of the location of Defendant's corporate decision-making "nerve center" and "principal place of business" no later than January 13, 2022.

Defendant respectfully moves this Court for leave to amend its Answer, Defendant certifies that before filing this Motion, it conferred with Counsel for Plaintiff to seek Plaintiff's consent to this Motion, which Stipulation is shown below:

STIPULATION:  Plaintiff consents to Defendant's Motion for Leave to Amend Answer pursuant to Rule 15, Fed. R. Civ. P.

ACKNOWLEDGED:_____

Counsel for Plaintiff Sherman-Stoltz Law Group

Respectfully submitted,

NEXUS SERVICES, INC.

By and through its Counsel,

/s/ Christopher M. Okay

_____          **January 24, 2022**

Christopher M. Okay, Esq.  VSB#35611

Chris Okay, Attorney at Law
117 S. Lewis Street, Suite 218
Staunton, Virginia 24401
(540) 466-3130
chrisokay@icloud.com

CERTIFICATE OF SERVICE

I hereby Certify, under penalty of perjury under the laws of the United States of America, and

the Commonwealth of Virginia, that on this **24th**  day of January 2022, I served, electronically

through the CM/ECF electronic filing system of the United States District Court for the Western

District of Virginia, and by regular mail as appropriate, a copy of Defendant's Motion for Leave

to Amend and Stipulation, the following Counsel for Plaintiff:

Francis H. Casola, Esq. (VSB No. 29108)
WOODS ROGERS PLC
Wells Fargo Tower, Suite 1800
P. O. Box 14125
Roanoke, VA 24038-4125
E-mail: casola@woodsrogers.com

/s/ Christopher M. Okay

_____
Christopher M. Okay  VSB#35611 "no indication that Laber's omission from his original
complaint of the legal theory he now seeks to pursue was in bad faith..." Laber v. Harvey, 438
F.3d 404, 2006 WL 348289 (4th Cir. 2006)